1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF WASHINGTON

8   DIANA C. BARNETT,                    )
                                          )   No. CV-12-330-LRS
9             Plaintiff,                   )
                                          )
10       vs.                               )   **ORDER GRANTING**
                                          )   **DEFENDANT'S MOTION FOR**
11   CAROLYN W. COLVIN,                    )   **JUDGMENT, *INTER ALIA***
     Acting Commissioner of Social         )
12   Security,                             )
                                          )
13            Defendant.                   )
                                          )
14   _____     )

15       **BEFORE THE COURT** are Plaintiff's Motion For Summary Judgment

16   (ECF No. 15) and the Defendant's Motion For Summary Judgment (ECF No. 17).

17

18                          **JURISDICTION**

19       Diana C. Barnett, Plaintiff, applied for Title II Disability Insurance benefits

20   (DIB) and Title XVI Supplemental Security Income benefits (SSI) on February 22,

21   2010.  The applications were denied initially and on reconsideration.  Plaintiff

22   timely requested a hearing and one was held on February 10, 2011, before

23   Administrative Law Judge (ALJ) Marie Palachuk.  Plaintiff, represented by

24   counsel, appeared and testified at this hearing.  R. Thomas McKnight, Jr., Ph.D.

25   testified as a Medical Expert (ME).  Deborah Lapoint testified as a Vocational

26   Expert (VE).  On March 25, 2011, the ALJ issued a decision denying benefits.

27   The Appeals Council denied a request for review and the ALJ's decision became

28   the final decision of the Commissioner.  This decision is appealable to district

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 1**

court pursuant to 42 U.S.C. §405(g) and §1383(c)(3).

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision, the Plaintiff's and Defendant's briefs, and will only be summarized here. At the time of the administrative hearing, Plaintiff was 41 years old.  She has a GED (general equivalency degree) with some college credits, and past relevant work experience as a customer service representative, a telephone representative, a sales clerk, and a housekeeper.  Plaintiff alleges disability since July 1, 2009, due to mental impairments.

## STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence...." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.  *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 2**

1    It is the role of the trier of fact, not this court, to resolve conflicts in

2  evidence. *Richardson*, 402 U.S. at 400.  If evidence supports more than one

3  rational interpretation, the court must uphold the decision of the ALJ. *Allen v.*

4  *Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

5    A decision supported by substantial evidence will still be set aside if the

6  proper legal standards were not applied in weighing the evidence and making the

7  decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433

8  (9th Cir. 1987).

9

10                                **ISSUES**

11    Plaintiff argues the ALJ  erred by:  1) improperly evaluating the medical

12  opinion evidence and relying on the opinion of the non-examining ME; and 2)

13  presenting a hypothetical to the VE which did not properly take into account all of

14  the Plaintiff's limitations.

15

16                              **DISCUSSION**

17  **SEQUENTIAL EVALUATION PROCESS**

18    The Social Security Act defines "disability" as the "inability to engage in

19  any substantial gainful activity by reason of any medically determinable physical

20  or mental impairment which can be expected to result in death or which has lasted

21  or can be expected to last for a continuous period of not less than twelve months."

22  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  The Act also provides that a

23  claimant shall be determined to be under a disability only if her impairments are of

24  such severity that the claimant is not only unable to do her previous work but

25  cannot, considering her age, education and work experiences, engage in any other

26  substantial gainful work which exists in the national economy. *Id*.

27    The Commissioner has established a five-step sequential evaluation process

28

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 3**

for determining whether a person is disabled.  20 C.F.R. §§ 404.1520 and 416.920;

*Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987).  Step one

determines if she is engaged in substantial gainful activities.  If she is, benefits are

denied.  20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i).  If she is not, the

decision-maker proceeds to step two, which determines whether the claimant has a

medically severe impairment or combination of impairments.  20 C.F.R. §§

404.1520(a)(4)(ii) and 416.920(a)(4)(ii).  If the claimant does not have a severe

impairment or combination of impairments, the disability claim is denied.  If the

impairment is severe, the evaluation proceeds to the third step, which compares

the claimant's impairment with a number of listed impairments acknowledged by

the Commissioner to be so severe as to preclude substantial gainful activity.  20

C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P,

App. 1.  If the impairment meets or equals one of the listed impairments, the

claimant is conclusively presumed to be disabled.  If the impairment is not one

conclusively presumed to be disabling, the evaluation proceeds to the fourth step

which determines whether the impairment prevents the claimant from performing

work she has performed in the past.  If the claimant is able to perform her previous

work, she is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv).

If the claimant cannot perform this work, the fifth and final step in the process

determines whether she is able to perform other work in the national economy in

view of her age, education and work experience.  20 C.F.R. §§ 404.1520(a)(4)(v)

and 416.920(a)(4)(v).

The initial burden of proof rests upon the claimant to establish a prima facie

case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921

(9th Cir. 1971).  The initial burden is met once a claimant establishes that a

physical or mental impairment prevents her from engaging in her previous

occupation.  The burden then shifts to the Commissioner to show (1) that the

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 4**

1  claimant can perform other substantial gainful activity and (2) that a "significant
2  number of jobs exist in the national economy" which claimant can perform. *Kail*
3  *v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

4  The Contract with America Advancement Act of 1996 (CAAA) amended
5  the Social Security Act, providing that "an individual shall not be considered to be
6  disabled . . . if alcoholism or drug addiction would . . . be a contributing factor
7  material to the Commissioner's determination that the individual is disabled."  42
8  U.S.C. § 423(d)(2)(C).  Special statutes and regulations govern disability claims
9  that involve substance abuse.  The ALJ must follow a specific analysis that
10 incorporates the sequential evaluation discussed above.  20 C.F.R. §§ 404.1535(a),
11 416.935(a).  The ALJ must first conduct the five-step inquiry without attempting
12 to determine the impact of a substance abuse disorder.  If the ALJ finds that the
13 claimant is not disabled under the five-step inquiry, the claimant is not entitled to
14 benefits, and there is no need to proceed with further analysis.  *Id*.  If the ALJ
15 finds the claimant disabled, and there is evidence of substance abuse, the ALJ
16 should proceed under the sequential evaluation and §§ 404.1535 or 416.935 to
17 determine if the claimant would still be disabled absent the substance abuse.
18 *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).  If found disabled
19 with the effects of substance abuse, the claimant has the burden in steps one
20 through four of the second sequential evaluation process to prove drug or alcohol
21 abuse is not a contributing factor material to his disability.  *Parra v. Astrue*, 481
22 F.3d 742, 748 (9th Cir. 2007).

**ALJ'S FINDINGS**

24 The ALJ found the following: 1) Plaintiff has severe impairments: substance
25 abuse disorder and depression; 2) Plaintiff's substance abuse disorder meets the
26 impairments listed in Sections 12.04 and 12.09 of 20 C.F.R. § 404 Subpart P, App.

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 5**

1 and hence, Plaintiff is disabled when substance abuse is considered; 3) if

Plaintiff stopped substance abuse, her remaining limitations would cause more

than a minimal impact on her ability to perform basic work activities and

therefore, she would continue to have a severe impairment or combination of

impairments; 4) if Plaintiff stopped the substance use, she would not have an

impairment or combination of impairments that meets or equals any of the

impairments listed in  20 C.F.R. § 404 Subpart P, App. 1; 5) if Plaintiff stopped

the substance abuse, she would have the residual functional capacity (RFC) to

perform a full range of work at all exertional levels, but with the following non-

exertional limitation: limited contact with the general public, supervisors and co-

workers; and 6) if Plaintiff stopped the substance abuse, her RFC would allow her

to perform past relevant work as a housekeeper/cleaner.  Accordingly, because her

substance abuse disorder was a contributing factor material to the determination of

disability, the ALJ concluded the Plaintiff was not disabled.

**MEDICAL OPINION EVIDENCE/MEDICAL EXPERT OPINION**

The opinion of a non-examining medical advisor/expert need not be

discounted and may serve as substantial evidence when it is supported by other

evidence in the record and consistent with the other evidence. *Andrews v. Shalala*,

53 F.3d 1035, 1041 (9th Cir. 1995).

Based on the testimony of Dr. McKnight, the ALJ concluded that bi-polar

disorder was not one of Plaintiff's "severe" impairments:

> While the undersigned notes that there is evidence on the
> record of a bi-polar disorder, Dr. R. Thomas McKnight, an
> impartial medical expert, testified . . . that the use of
> methamphetamine "mimics" the symptoms of bi-polar
> disorder.  Since several of the providers that diagnosed
> bi-polar disorder were unaware of or misled regarding
> the claimant's substance abuse and Dr. Kayleen Islam-
> Zwart based her diagnosis of bi-polar disorder (and also
> the diagnosis of PTSD) exclusively on claimant's self-reports,
> without setting forth clinical or testing evidence of the

**ORDER GRANTING DEFENDANT'S**

**MOTION FOR SUMMARY JUDGMENT- 6**

criteria required under DSM-IV to reach the diagnosis, the undersigned disregards these diagnoses.

(Tr. at p. 23).

Deborah Brown, Ph.D., was one of the providers who diagnosed the Plaintiff with bi-polar disorder. The ALJ found that "Dr. Brown was not aware of the claimant's drug use evidenced by other treatment records around the time of Dr. Brown's examination [November/December 2009]" and "Dr. McKnight testified that Dr. Brown assumed that the claimant has no history of drug use or past drug use in making her assessment but that Dr. Brown's assumption is inconsistent with the claimant's self-report in other parts of the medical record." (Tr. at p. 25).

The ALJ noted that Dr. McKnight testified that "with drug use one would expect . . . the claimant would have at least moderate restrictions in the activities of daily living, at least moderate difficulties in social functioning, at least moderate difficulties in maintaining concentration, persistence or pace[,] and episodes of decompensation would be as frequent as and last as long as the drugs that she is taking." (Tr. at p. 26). He also testified the Plaintiff's anxiety "was expected with her drug use." (*Id*.). The ALJ accorded "great weight" to Dr. McKnight's opinion, finding it to be "consistent with the medical record." (*Id*.). Dr. McKnight opined that Plaintiff appeared to be under the influence of drugs at the hearing and opined that absent the use of substances, she would not have any limitations in activities of daily living, social functioning, concentration, persistence or pace. (Tr. at pp. 30; 49). Without any limitations in these areas, the VE testified the Plaintiff was capable of performing all of her past relevant work. (Tr. at pp. 30; 69). The ALJ, however, provided "a second more restrictive residual functional capacity for the VE to consider which included social limitations based on the undersigned (and the ME's) observations of claimant's presentation at the hearing)." (Tr. at p. 30). Even with that more restrictive

**ORDER GRANTING DEFENDANT'S**

**MOTION FOR SUMMARY JUDGMENT- 7**

residual functional capacity, the VE testified that Plaintiff could perform her past relevant work as a housekeeper.  (Tr. at pp. 30; 68-69).

   In her December 2009 report, Dr. Brown stated: "I have become aware during the past few years that it is important to differentiate between diagnoses of Bipolar Disorder and abuse of amphetamine" and "[i]n these circumstances, I do not think Ms. Barnett was using anything and believe that a true bipolar disorder exists."  (Tr. at p. 261).  In September of 2009, however, the Plaintiff admitted to Robert Margraf, M.D., at Community Health Association of Spokane (CHAS), that she had a history of methamphetamine use, but purportedly had not used since June 2009.  (Tr. at p. 265).  Dr. Margraf noted that Plaintiff was "[e]xtremely restless- unable to sit still, looking forward . . . turns her head this way and that, can't rest her hands in her lap, can't keep her legs still."  (Tr. at p. 265).  Dr. Margraf "highly" suspected methamphetamine abuse on the part of Plaintiff, even though she denied it.  (Tr. at p. 266).  On January 8, 2010, Plaintiff told Dr. Margraf she last used methamphetamines in August 2009, and when advised a drug screen would be required, Plaintiff admitted it would be positive for hydrocone and cannabis.  (Tr. at p. 269).  Dr. Margraf suspected the Plaintiff was high on methamphetamine at this appointment and he advised the Plaintiff that while she was actively using drugs, he would not prescribe her any mental health medications.  (Tr. at p. 270).   On January 26, 2010, Plaintiff was seen at Spokane Mental Health (SMH).  She indicated she uses marijuana to calm herself down when agitated and that she also occasionally uses hydrocodone.  (Tr. at p. 326).  On January 28, 2010, Plaintiff was again seen at SMH.  She denied current use of drugs, but admitted that she had twice used marijuana last month, asserting it was the first time she had done so since she was a teenager.  (Tr. at pp. 274 and 319).  In December 2010, the Plaintiff saw Dr. Islam-Zwart and denied any illicit drug abuse, "noting that her mother abused prescription drugs and her brother used

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 8**

methamphetamine so she never wanted to try them." (Tr. at p. 453).  In February

2012, Plaintiff was again seen at SMH and denied ever trying "drugs of any sort."

(Tr. at p. 484).

At the administrative hearing, Plaintiff said she never told Dr. Margraf she

had used methamphetamine and flatly denied ever having used it.  (Tr. at pp. 61-

62).  She said she did not know why Dr. Margraf had written that she used

methamphetamine and that it upset her when she read it.  (Tr. at p. 62).  Plaintiff

admitted using marijuana to help her sleep, but says that was before she obtained

her mental health medications in February 2010, and that she she had not used any

marijuana since then.  (Tr. at p. 61).

The opinion of Dr. McKnight, that Plaintiff's substance abuse was material

to the determination of her disability, is supported by substantial evidence (more

than a scintilla, less than a preponderance) in the record.  Just shortly before and

after her evaluation by Dr. Brown, Plaintiff reported to Dr. Margraf that she had

used methamphetamine, one time claiming it had last been in June 2009, and then

later claiming it had been in August 2009.  In December 2010, Plaintiff flatly

denied to Dr. Islam-Zwart that she had ever used any illicit drugs,

nothwithstanding a record replete with admissions of substance abuse in the recent

past.  Substantial evidence supports the ALJ's conclusion that Drs. Brown and

Islam-Zwart were either "misled or unaware" of Plaintiff's substance abuse.  The

opinion of an examining doctor, even if contradicted by another doctor, can only

be rejected for "specific and legitimate reasons" that are supported by substantial

evidence in the record.  *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir.

1995)(citations omitted).  There are "specific and legitimate" reasons for rejecting

the opinions of Drs. Brown and Islam-Zwart regarding the severity of Plaintiff's

functional limitations since their opinions assume the absence of any substance

abuse.  Substantial evidence in the record supports the ALJ's conclusion that

**ORDER GRANTING DEFENDANT'S**

**MOTION FOR SUMMARY JUDGMENT- 9**

Plaintiff was abusing substances.  This abuse of substances also constitutes a "specific and legitimate" reason for rejecting Dr. Brown's bi-polar disorder diagnosis.[1]

Dr. McKnight concluded the medical record did not establish the Plaintiff suffered any functional limitations in the absence of substance abuse, essentially that Plaintiff did not have any "severe" impairments.  The ALJ agreed with this in her presentation of a hypothetical to the VE:

> **Based on claimant's presentation today**, I would . . . hypothesize that it would be best for the individual to be dealing with things rather than people in an essentially isolated environment or in small groups.  **Other than that, there are no limitations, and those limitations are not based on medical records; they're merely based on my observations.**

(Tr. at p. 69)(emphasis added).  Accordingly, there was no inconsistency, as alleged by Plaintiff, between Dr. McKnight's opinion and the ALJ's finding.  And in any event, to the extent there was any inconsistency, it was inconsequential.  The ALJ's finding favored the Plaintiff, but even with that finding, the VE testified Plaintiff was capable of performing some of her past relevant work.

**VE HYPOTHETICAL**

The ALJ found that Plaintiff's impairments, "**including the substance abuse disorder,**" met Sections 12.04 and 12.09 of the Listing of Impairments

---

[1]  It also constitutes a specific and legitimate reason to reject Dr. Islam-Zwart's bi-polar disorder and PTSD diagnoses.  Dr. McKnight took further issue with these diagnoses because they were based "exclusively on claimant's self-reports,without setting forth clinical or testing evidence of the criteria required under DSM-IV to reach the diagnosis."  Dr. Islam-Zwart's report seems to bear that out: "Ms. Barnett **appears** to meet criteria for Bipolar Disorder and PTSD **as has been diagnosed previously**."  (Tr. at p. 455)(emphasis added).

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT- 10**

because, among other things, the Plaintiff had "marked difficulties in concentration, persistence and pace, as revealed by Dr. Brown indicating in her treatment notes that Plaintiff "reported difficulty sustaining attention and poor concentration" and Plaintiff "was easily distracted and needed to be refocused during her interview." (Tr. at pp. 23-24)(emphasis added). The ALJ expressly found that "[w]ith regard to concentration, persistence or pace, **the claimant would have no difficulties if the substance abuse was stopped.**" (Tr. at p. 26). The ALJ gave weight to Dr. Brown's opinion that Plaintiff was limited with regard to attention and concentration, assuming Plaintiff had a substance abuse disorder that contributed to those limitations. The ALJ did not err in failing to present those limitations to the VE in a hypothetical because the ALJ ultimately found Plaintiff's substance abuse was material to the determination of whether she was disabled and that in the absence of substance abuse, there were no such limitations.

## CONCLUSION

Substantial evidence supports the Commissioner's decision that, absent substance abuse, Plaintiff had not been disabled for any continuous 12 month period after July 1, 2009, the alleged onset date. Plaintiff did not meet her burden of proving that substance abuse is not a contributing factor material to her disability. Accordingly, Defendant's Motion For Summary Judgment (ECF No. 17) is **GRANTED** and Plaintiff's Motion For Summary judgment (ECF No. 15) is **DENIED**. The Commissioner's decision denying benefits is **AFFIRMED**.

///
///
///
///

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 11**

1    **IT IS SO ORDERED.**  The District Executive shall enter judgment

2    accordingly and forward copies of the judgment and this order to counsel.

3       **DATED** this ____8th____ of October, 2013.

4

5                              *s/Lonny R. Suko*

6                       _____
                              LONNY R. SUKO
7                          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER GRANTING DEFENDANT'S**

**MOTION FOR SUMMARY JUDGMENT- 12**